1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID D. BUTLER,

                                   Plaintiff,

    v.

JAMES HANKEN, et al.,

                                   Defendant.

CASE NO. 2:23-cv-01624-LK-BAT

**ORDER GRANTING MOTION TO APPOINT COUNSEL, DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL, AND STAYING PRETRIAL SCHEDULING ORDER**

Plaintiff, David D. Butler, currently incarcerated at Washington State Penitentiary (WSP), proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 prisoner civil rights action. Dkts. 5, 6. Plaintiff's complaint has been served and defense counsel has filed a notice of appearance. Dkts. 7, 8. Plaintiff now moves for appointment of counsel. Dkt. 14. Defendants have filed a response to the motion indicating they take no position on plaintiff's request for appointment of counsel. Dkt. 15.

## DISCUSSION

The decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires

ORDER GRANTING MOTION TO APPOINT
COUNSEL, DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL, AND STAYING PRETRIAL
SCHEDULING ORDER - 1

1   an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

2   articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Terrell*

3   *v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is

4   dispositive, and the factors must be viewed together before reaching a decision regarding

5   appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

6          Plaintiff alleges causes of action under the Eighth and First Amendments of the United

7   States Constitution. Dkt. 6. He names the following Department of Corrections (DOC) mental

8   health staff at Monroe Correctional Complex, Special Offenders Unit (MCC-SOU), as

9   defendants: James Hanken, Psychology Associate, Calvin Cogburn, PMHNP-BC, and Steven

10  Jewitt, psychiatrist. *Id.*

11         In Count I, plaintiff alleges defendants Cogburn and Jewitt were deliberately indifferent

12  to his serious mental health needs in violation of the Eighth Amendment. Dkt. 6 at 10-16, 21-22.

13  Specifically, he alleges he has been diagnosed with several major psychological disorders

14  including panic disorder, post-traumatic stress disorder, bipolar disorder, schizoaffective

15  disorder, and depression. *Id.* Plaintiff alleges he was prescribed Latuda, Valium and "Effexir" for

16  his psychiatric disorders and was taking these medications at Thurston County Corrections

17  Center before being transferred to DOC custody. *Id.* Plaintiff alleges the judgment and sentence

18  in his underlying criminal case ordered he remain on appropriate mental health medications

19  during his incarceration. *Id.* Plaintiff contends on August 29, 2021, defendant Jewitt, "without

20  reason and without conducting a comprehensive psychological assessment" discontinued the

21  Latuda without tapering or substituting the medication. *Id.*

22

23

ORDER GRANTING MOTION TO APPOINT
COUNSEL, DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL, AND STAYING PRETRIAL
SCHEDULING ORDER - 2

1    Plaintiff indicates discontinuing Latuda caused plaintiff to deteriorate psychologically

2    and caused him to experience significant withdrawal symptoms. *Id.* Plaintiff indicates his mental

3    health steadily deteriorated and he became increasingly dysfunctional and dysregulated causing

4    him to engage in significant self-harming behavior by swallowing foreign objects requiring

5    surgeries and frequent prolonged stays in solitary confinement and the constant observation area.

6    *Id.*

7    Plaintiff states defendant Cogburn was aware he was psychologically deteriorating but

8    ignored his requests to be placed back on Valium and Latuda and failed to assess plaintiff every

9    90 days for medication management as required by his mental health treatment plan. *Id.*

10   In Count II, plaintiff alleges defendant Hanken violated his First Amendment rights by

11   obstructing his communication and legal correspondence with his attorney and that he violated

12   attorney-client privilege by reading and opening his legal mail outside of plaintiff's presence.

13   Dkt. 6 at 17-20. Specifically, plaintiff alleges defendant Hanken opened and read legal mail sent

14   from plaintiff's attorney outside of plaintiff's presence which included a HIPAA authorization

15   form. *Id.* Plaintiff states when he requested materials to send the HIPAA release back to his

16   attorney via certified mail defendant Hanken took the documents away, over plaintiff's

17   objections, and subsequently told plaintiff he had emailed and mailed the form to counsel. *Id.*

18   Plaintiff indicates his attorney's office later informed him that they had never received the email.

19   *Id.* Plaintiff states he asked defendant Hanken to return the form, but defendant Hanken refused.

20   *Id.*

21   In support of his motion to appoint counsel, plaintiff argues his case will require an

22   extensive amount of discovery and documentation that he will have difficulty accessing due to

23   ORDER GRANTING MOTION TO APPOINT
COUNSEL, DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL, AND STAYING PRETRIAL
SCHEDULING ORDER - 3

his limited resources as a prisoner. Dkt. 14. He indicates he will have difficulty presenting his case properly due to his lack of education and his significant mental health issues. *Id.* Plaintiff states due to these mental health issues, which include hallucinations, he will have difficulty litigating his case and preparing for trial. *Id.* Plaintiff contends his case will likely require expert witnesses to address the medical issues and that this will introduce a level of complexity he is not equipped to handle. *Id.* Defendants have taken no position on plaintiff's request for appointment of counsel. Dkt. 15.

Although the Court cannot dispositively determine plaintiff will prevail on the merits, his allegations that he was denied adequate psychiatric care that resulted in significant self-harm by plaintiff are facially meritorious, serious and concerning. Additionally, plaintiff's assertion his significant psychiatric issues will impair his ability to litigate, and the possibility this case may require the introduction of expert medical evidence, highlight the potential complexities of this case, and plaintiff's lack of ability to present his case *pro se*.

The Court concludes, in weighing the relevant factors, appointment of counsel is appropriate in this case. Accordingly, the Court **ORDERS**:

1.      Plaintiff's motion for appointment of counsel, Dkt. 14, is **GRANTED**, contingent upon the identification of counsel willing to represent plaintiff in this matter, and counsel's appearance in this case.

2.      The Western District of Washington's pro bono coordinator is directed to identify counsel to represent plaintiff, in accordance with the Court's General Order 07-23 ("The United States District Court for the Western District of Washington's Plan for Pro Se Litigant Representation in Civil Rights Actions (As Amended, Effective January 1, 2024)"), section 4.

ORDER GRANTING MOTION TO APPOINT
COUNSEL, DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL, AND STAYING PRETRIAL
SCHEDULING ORDER - 4

Once it has been determined whether the Court will be able to appoint an attorney to represent plaintiff, the Court will issue appropriate orders formally appointing pro bono counsel.

3.      The pretrial scheduling order, Dkt. 13, is **STAYED** while the Court seeks to identify counsel to represent plaintiff. If counsel is appointed for plaintiff, counsel for both parties will be directed to confer and submit amended pretrial deadlines.

4.      The Clerk shall send a copy of this order to plaintiff, counsel for defendants, the pro bono coordinator, and the assigned United States District Judge.

DATED this 18th day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO APPOINT
COUNSEL, DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL, AND STAYING PRETRIAL
SCHEDULING ORDER - 5